# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| DALE W., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:17-cv-00213-JDL |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## ORDER ON THE RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE[1]

United States Magistrate Judge, John H. Rich III, filed his Recommended Decision (ECF No. 20) on Dale W.'s Social Security Disability ("SSD") appeal with the Court on May 18, 2018, pursuant to 28 U.S.C.A § 636(b)(1)(B) (2018) and Fed. R. Civ. P. 72(b). Dale W. filed an Objection to the Recommended Decision (ECF No. 21) on June 1, 2018. The Commissioner filed a Response to the Objection (ECF No. 22) on June 15, 2018.

In his appeal of the administrative law judge's ("ALJ") denial of SSD benefits, Dale W. seeks remand, alleging that: (1) the ALJ failed to consider a consultative report by Dr. Douglas Buxton (the "Buxton Report") that was admitted at the administrative hearing; (2) the ALJ erred in his assessment of Dale W.'s subjective complaints; (3) the ALJ's residual functional capacity formulation is unsupported by

---

[1] This opinion is **SEALED** until 5:00 p.m. on Friday, August 17, 2018, to give the parties an opportunity to notify the Court, by sealed filings, whether any portion(s) need to be redacted because of confidentiality restrictions.

1

substantial evidence; and (4) the Appeals Council erred in its rejection of Dale W.'s request for a review of the ALJ's decision. *See* ECF No. 20 at 1. The Magistrate Judge found no reversible error and recommended that the Court affirm the ALJ's decision.

After reviewing and considering the Magistrate Judge's Recommended Decision, together with the entire record and the parties' briefing, I have made a *de novo* determination of all matters adjudicated by the Magistrate Judge's Recommended Decision. I concur with and adopt the Magistrate Judge's conclusions as to Dale W.'s second, third, and fourth arguments for remand. For the reasons explained below, I do not concur with the Magistrate Judge's conclusion as to the first argument and I conclude that it was harmful error for the ALJ to fail to consider the Buxton Report and remand the case for further proceedings before the ALJ.

## I. RELEVANT BACKGROUND

Dale W. argues that the ALJ erred in failing to consider evidence which was admitted at his June 16, 2016, hearing before the ALJ and made part of the record. *See* ECF No. 13 at 8-9. At the outset of the hearing, Dale W.'s counsel requested that the ALJ admit the Buxton Report, which documented a consultative examination performed two days earlier, on June 14, 2016, by Douglas H. Buxton, M.D., of Maine Medical Partners Neurosurgery & Spine. See ECF No. 9-8 at 200-06. The ALJ granted the request, stating that he had "determined that there is good cause and we will make that part of the record." ECF No. 9-3 at 67. In his final written decision, however, the ALJ stated that he had not found good cause to enter the Buxton Report into the record and made no further mention of it. ECF No. 9-2 at 13. The ALJ

further explained, in supporting his conclusion that Dale W. was not disabled, that the absence of medical records from 2015 or 2016 suggested that "the claimant's condition is stable and improved." *Id.* at 21.

Contrary to this conclusion, the Buxton Report states: "Unfortunately, it sounds as though [Dale W.] has begun to develop a right C8 radicular pattern which is likely the source of this right arm pain and weakness and numbness that involves the third through fifth digits." ECF No. 9-8 at 202. The Buxton Report further notes in Dale W.'s clinical history that his "back pain has worsened as of the past 2-3 years." *Id.* at 203. The report indicates that Dr. Buxton had ordered cervical spine x-rays and an MRI to reassess the status of the C7-T1 segment. *Id.* at 202.

## II.  STANDARD OF REVIEW

In the social security context, a court must affirm the administrative decision provided that the ALJ applied the correct legal standards and the decision is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso–Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) (internal citation omitted). The Social Security Act permits the Court to remand a claim and

order the ALJ to consider new evidence, *see* 42 U.S.C.A. § 405(g) (2018), provided the evidence is more than cumulative and can support a reasonable inference that the administrative decision might have been different had the evidence been considered. *Falu v. Sec'y of HHS*, 703 F.2d 24, 27 (1st Cir. 1983).

### III. ANALYSIS

Dale W. argues that the Buxton Report directly contradicts an explicit basis for the ALJ's finding that he was not disabled: that the lack of treatment records from 2015 and 2016 suggested that his condition was stable. ECF No. 21 at 2. The Commissioner concedes that it was error for the ALJ to find that the Buxton Report was not entered into the record when he had, in fact, already entered it into the record. ECF No. 20 at 4; ECF No. 16 at 2. The Commissioner argues, however—and the Recommended Decision agrees—that the error is harmless because the Buxton Report postdates Dale W.'s date last insured ("DLI") by nearly six months, and nothing in the Report makes clear that his condition had deteriorated as of the date the claimant was last insured: December 31, 2015. ECF No. 20 at 4-5.

In support, the Commissioner and the Recommended Decision cite to *Stain v. Astrue*, No. 2:11-cv-225-DBH, 2012 WL 1067867 (D. Me. Mar. 28, 2012) (rec. dec., aff'd Apr. 17, 2012), and *Pierce v. Astrue*, No. 1:10-cv-242-JAW, 2011 WL 2678919 (D. Me. July 7, 2011) (rec. dec., aff'd July 29, 2011), for the proposition that an ALJ's failure to consider evidence postdating a claimant's DLI is harmless. The Commissioner further cites *Pierce* for the proposition that a medical opinion phrased in the present tense—as Dr. Buxton's is here—is not indicative of a claimant's prior condition. 2011 WL 2678919 at *5.

4

These cases are distinguishable. In *Pierce*, the medical evidence in question was issued *twelve years* after the claimant's DLI. There, given the passing of more than a decade, the conclusion that the medical opinion—phrased in the present tense—"indicate[d] on its face that it reflect[ed] the plaintiff's then-current condition" was reasonable. *Id.* In *Stain*, meanwhile, the post-dated medical evidence related solely to post-DLI treatment and there was no indication in the record that it related to the pre-DLI period. 2012 WL 1067867 at *4-5. Here, however, the Report refers to the pre-DLI period, noting that Dale W.'s back pain "has worsened as of the past 2-3 years" and his neck pain "has worsened for unspecified time – about one year." ECF No. 9-8 at 203. Given that, unlike in *Pierce*, the Buxton Report was created just six months after the DLI, the language "has begun to develop a right C8 radicular pattern," *id.* at 202, can reasonably be interpreted to indicate a degeneration that began more than six months earlier. Furthermore, the Buxton Report does not note any contemporaneous trauma that precipitated the medical visit, further suggesting that the diagnosed condition—one implicating chronic neck and back pain—could plausibly be a longstanding degeneration that predates the DLI.

Because the ALJ's reliance on the lack of medical records from 2015 to 2016 showing degeneration in Dale W.'s condition is an explicit basis for the ALJ's decision, the Buxton Report, which plausibly suggests degeneration, can support an inference that the administrative "decision might have reasonably been different had the new evidence been [considered]." *Falu*, 703 F.2d at 27. I therefore vacate the ALJ's decision and remand this case to the ALJ to consider Dr. Buxton's opinion within the context of the record as a whole.

## IV.  CONCLUSION

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge (ECF No. 20) is hereby **NOT ACCEPTED**, **IN PART**, as to the Administrative Law Judge's failure to consider the Buxton Report, and **ACCEPTED**, **IN PART**, as to Dale W.'s other arguments.  The Administrative Law Judge's decision is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Order.

**SO ORDERED.**

**Dated this 15th day of August, 2018.**

                                          /s/ Jon D. Levy
                                     **United States District Judge**